NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAREK HOLDINGS, LLC and TAREK ABOUSALEM,<br><br>    Plaintiffs,<br><br>v.<br><br>GREG SHOCKLEY, JAMES SHOCKLEY, and SHOCK GLOBAL PARTNERS, LLC,<br><br>    Defendants. | Civil Action No: 21-20581(SDW)(AME)<br><br>**OPINION**<br><br><br>October 24, 2022 |

**WIGENTON**, District Judge.

Before this Court is Defendants Greg Shockley, James Shockley, and Shock Global Partners, LLC's (collectively, "Defendants") Motion to Dismiss or, in the alternative, to Consolidate Plaintiffs Tarek Holdings, LLC and Tarek Abousalem's (collectively, "Plaintiffs") Complaint, (D.E. 2), pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1), Rule 12(b)(6), and 12(b)(7), or, in the alternative, Rule 42. (D.E. 5-1.) Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

I.   BACKGROUND AND PROCEDURAL HISTORY

This matter, which involves multiple parties and entities, arises from a business relationship that soured. To understand the events that prompted Plaintiffs to file the Complaint in this matter, a description of the parties and entities involved in or pertinent to the issues at hand

is necessary.  Plaintiff Tarek Holdings, LLC ("Holdings") is a Delaware limited liability company ("LLC") based in Piscataway, New Jersey.  (D.E. 2 ¶ 1.)  Plaintiff Abousalem is a resident of Piscataway, New Jersey, and is a member of Holdings.  (*Id.* ¶ 2.)  Defendant Shock Global Partners, LLC ("Shock Global") is a Pennsylvania LLC based in Berwyn, Pennsylvania.  (*Id.* ¶ 3.) Defendant Greg Shockley is a resident of Glen Mills, Pennsylvania, and Defendant James Shockley is a resident of King of Prussia, Pennsylvania.  (*Id.* ¶¶ 4–5.)  Greg Shockley and James Shockley ("Shockley Defendants") are members of Shock Global.  (*Id.*)  T-Shock International, LLC ("T-Shock"), not currently a party to this action, is a Delaware LLC.  (*Id.* ¶ 40.)  T-Shock's members include Plaintiff Abousalem and the Shockley Defendants.  (*See id.* ¶¶ 1–5, 35–36.)

      A.  <u>Formation of T-Shock and Shock Global</u>

In the spring of 2021, Plaintiff Abousalem and the Shockley Defendants, who previously partnered in another business entity, "discussed forming a new, jointly controlled entity for the purpose of locating new and developing products and services, as well as creating new products and services, and introducing them to new markets." (*Id.* ¶¶ 13–15.)  The parties made various representations about each person's business role and decision-making authority in the new entity. (*Id.* ¶¶ 16–20.)  The parties then "drafted and negotiated the terms of the new company's operating agreement" ("Operating Agreement").  The Operating Agreement provided, *inter alia*, that the Shockley Defendants and Holdings would be members of the LLC, each of the three members would contribute $1,000.00 capital investment into the venture, and Holdings would have a 34 percent interest, while the Shockley Defendants would each have a 33 percent interest.  (*Id.* ¶¶ 29, 35–36.)  The parties formed the company on May 11, 2021, and the Operating Agreement was finalized on or about July 6, 2021.  (*Id.* ¶¶ 26–28, 32.)  Plaintiff Abousalem was not a member of the company, but "was named a co-founder of the company, along with each of the Shockley

Defendants." (*Id.* ¶ 30.) The parties "retained counsel to finalize the terms of the agreement." (*Id.* ¶ 31.)

After the formation of T-Shock, the parties began conducting business meetings and traveling internationally to interact with potential business contacts. (*Id.* ¶¶ 42–45.) The parties had various disputes concerning how to conduct T-Shock's business, including specifically disagreeing about "licensing, brokering, distributing, and investing in various products and services." (*Id.* ¶¶ 46–53.) As a result of the disagreements, "Holdings attempted to resign from its membership in T-Shock via email by Plaintiff Abousalem on August 23, 2021," but conditioned the resignation on agreement of exit terms that were not met. (*Id.* ¶¶ 54–55.)

On September 2, 2021, the Shockley Defendants formed Shock Global. (*Id.* ¶ 59.)

B. <u>Procedural History</u>

On December 17, 2021, Plaintiffs filed a Complaint in this Court, asserting various claims against Defendants. (D.E. 1.) Plaintiffs Amended the Complaint on the same date, and asserted the following claims: Breach of the Fiduciary Duty of Loyalty (Count I) (Shockley Defendants); Breach of the Fiduciary Duty of Care (Count II) (Shockley Defendants); Breach of the Fiduciary Duty of Good Faith (Count III) (Shockley Defendants); Usurping Corporate Opportunity (Count IV) (Shockley Defendants); Breach of Contract (Count V) (Shockley Defendants); Conversion (Count VI) (All Defendants); Unjust Enrichment (Count VII) (All Defendants); Common Law Fraud (Count VIII) (All Defendants); Negligent Misrepresentation (Count IX) (Shockley Defendants); Negligence (Count X) (All Defendants); Piercing the Corporate Veil/Alter Ego Liability (Count XI) (Shockley Defendants); Conspiracy (Count XII) (All Defendants); Declaratory Relief (Count XIII) (All Defendants); Injunctive Relief (Count XIV) (All Defendants); Declaratory Judgment—Specific Performance (Count XV) (Shockley Defendants); Injunctive

Relief—Temporary and Permanent Restraints (Count XVI) (All Defendants); and Equitable Accounting (Count XVII) (All Defendants). (D.E. 2 ¶¶ 67–179.) Defendants filed a Motion to Dismiss or, in the alternative, to Consolidate, on March 21, 2022. (D.E. 5.) Plaintiffs filed an opposition brief on May 2, 2022. (D.E. 10.) No reply brief was filed.

## II.    LEGAL STANDARD

Rule 12(b)(7) provides that a complaint is subject to dismissal for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). "In reviewing a motion to dismiss under Rules 12(b)(7) and 19, the court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Foster Owners Co. LLC v. Farrell*, No. 14-5120, 2015 WL 778758, at *2 (D.N.J. Feb. 24, 2015) (citing *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 Fed. Appx. 803, 805 (3d Cir.2000)). The moving party "bears the burden of showing why an absent party should be joined under Rule 19." *Id.* (citing *Pittsburgh Logistics Sys., Inc. v. C.R. Eng., Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009)). To analyze joinder under Rule 19, a "court must first determine whether the absent part[y is] 'necessary' under Rule 19(a). If the part[y is] necessary, and joinder is not feasible, then the court must determine whether the part[y is] 'indispensable' under Rule 19(b)." *Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley*, 385 Fed. Appx. 135, 145 (3d Cir. 2010) (citing *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007)).

## III.   DISCUSSION

Defendants assert several grounds for dismissal, including failure to join T-Shock, a necessary and indispensable party; insufficient amount in controversy; failure to make a pre-suit demand; and failure to state a claim. (*See* D.E. 5-1.) Defendants alternatively request

4

consolidation of this matter with another matter pending in this Court.[1] (*Id.*) Plaintiffs argue that they may properly assert T-Shock's interests without requiring joinder of the LLC; the claims exceed the minimum requirement for amount in controversy; a pre-suit demand was made; there are cognizable claims; and the matter should not be consolidated with the JOMBY action. (*See* D.E. 10.) Because joinder is a dispositive consideration, this Court first analyzes the motion under Fed. R. Civ. P. 12(b)(7).

    A.    <u>Rule 12(b)(7) Analysis</u>

Defendants assert that Plaintiffs' non-joinder of T-Shock requires dismissal of the action pursuant to Rule 19. Because "T-Shock is a citizen of New Jersey and Pennsylvania," whether it "were joined as either a defendant or plaintiff, there would be a lack of complete diversity." (D.E. 5-1 at 17.) This Court will examine whether T-Shock is a necessary party under Rule 19(a); if so, whether diversity is impacted; and, if diversity is impacted, whether T-Shock is an indispensable party under Rule 19(b). *See Culinary Serv. of Del. Valley, Inc.*, 385 Fed. Appx. at 145 (citing *Gen. Refractories Co.*, 500 F.3d at 312).

    1.    <u>Rule 19(a)</u>

"Under the Federal Rules, a party is 'necessary' if, in its absence, (1) the court could not accord complete relief among the existing parties; or (2) the absent party claims an interest relating to the subject matter of the action so that disposing of the action in [its] absence would (i) impair its ability to adequately protect its interest, or (ii) leave an existing party susceptible to a substantial risk of incurring inconsistent obligations." *Disabled in Action of Pa. v. SEPTA*, 635 F.3d 87, 97 (3d Cir. 2011) (quoting Fed. R. Civ. P. 19(a)). "Courts treat clauses (1) and (2) in the disjunctive

---

[1] *Tarek Holdings, LLC and Tarek Abousalem v. Greg Shockley and James Shockley*, No. 21-20582. The parties each refer to the matter as the "JOMBY" action. (*See* D.E. 5-1 at 23; D.E. 10 at 29.)

just as the rule phrases them." *Gen. Refractories Co.*, 500 F.3d at 312.  The analysis requires a court to examine the issue as to the relief to be accorded to the current parties, and then as to how that resolution may impact an absent party.  *See Huber v. Taylor*, 532 F.3d 237, 248 (3d Cir. 2008).  In other words,

> [u]nder Rule 19(a)(1), [a c]ourt must consider whether—in the absence of an un-joined party—complete relief can be granted to the persons already parties to the lawsuit.  The effect that a decision may have on an absent party is immaterial.  In contrast, under Rule 19(a)(2)(i), the [c]ourt must consider the effect, if any, that resolution of the dispute among the named parties will have on an absent party.

*Id.*  "If [a] court determines that the party is 'necessary,' then the party must be joined.  *Foster Owners Co. LLC*, 2015 WL 778758 at *2 (citing *Gen. Refractories Co.*, 500 F.3d at 312).

Here, viewing the Complaint in a light favorable to Plaintiffs, T-Shock is a necessary party.  Plaintiffs assert in the preliminary statement of the Complaint that the case concerns "Defendants' fraudulent misappropriation and diversion of corporate assets, opportunities, and income for the purpose of depriving Plaintiffs of profits, commissions, and assets to which they are legally entitled."  (D.E. 2 at 1.)  This statement suggests at the outset that the diversion of benefits due to T-Shock—namely assets, opportunities, and income—is a primary issue, and that Plaintiffs have been harmed, as well.  The Complaint further intertwines T-Shock's interests with Plaintiffs' interests throughout the allegations, including but not limited to allegations that Defendants formed a new company to compete with T-Shock and Plaintiffs, (D.E. 2 at 2, ¶ 59); diverted T-Shock's "assets, client accounts, business opportunities, revenues, and profits," (*id.* at 3; *see also id.* ¶ 60); and caused the "loss of profits, loss of good will, loss of business value, loss of assets, loss of time and materials, and loss of business opportunities," (*id.* at 3; *see also id.* ¶¶ 60–63).  Additionally, Plaintiffs specifically allege that Defendants "continued T-Shock's business under the Shock

Global name without Plaintiffs' consent or advance knowledge," and did so "without compensating T-Shock or Plaintiffs . . . ." (*Id.* ¶¶ 61–62.) The Complaint is peppered with references to myriad ways Defendants allegedly damaged T-Shock and harmed the company *and* Plaintiffs; yet Plaintiffs seek various compensation and remedies for themselves, but do not discuss how the remedies will adequately compensate T-Shock for the various infractions Defendants allegedly committed against the LLC.

When analyzing this matter under the standard set forth in Rule 19(a)(1), it is evident that this Court may not "accord complete relief among the existing parties," *Disabled in Action of Pa.*, 635 F.3d at 97 (quoting Fed. R. Civ. P. 19(a)), because Plaintiff seeks to remedy alleged infractions Defendants committed against both T-Shock and its members. Plaintiffs seek to enforce rights on behalf of T-Shock, (*see* D.E. 2 ¶¶ 72, 78–79, 85, 90–96, 117, 125, 131–35, 141, 144, 150, 156, 160(b, c, f), 163, 167(b, c, f), 177), yet simultaneously seek relief from T-Shock in the form of an equitable fiscal accounting of its records. (*See id.* ¶¶ 160(e), 167(e), 178–79). In other words, T-Shock is an integral, interconnected party to the claims as outlined in the Complaint, and also a party against which certain claims may be levied. Thus, disposing of this action in the absence of T-Shock would not allow this Court to accord complete relief among the parties, (s*ee* Rule 19(a)(1)), and would simultaneously leave T-Shock in a position in which it may not be able to protect its interests, (*see* Rule 19(a)(2)). Any relief awarded to Plaintiffs will not necessarily flow to T-Shock, and Defendants could feasibly incur "double or inconsistent obligations" should Plaintiffs elect later to pursue a claim on behalf of T-Shock. *Gen. Refractories Co.*, 500 F.3d at 318. Therefore, this Court finds that T-Shock is a necessary party.

2. Feasibility of Joinder

"[W]hen a party is deemed 'necessary' under Rule 19(a), joinder must occur if feasible." *Id.* at 319.  In accordance with 28 U.S.C. § 1332(a), "for diversity jurisdiction to exist, 'no plaintiff [may] be a citizen of the same state as any defendant[,]' and the amount in controversy must exceed $75,000." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  Importantly, "if the court cannot obtain personal jurisdiction over the absentee, if the absentee's joinder would destroy diversity of citizenship jurisdiction, or if the absentee has a valid objection to venue," then joinder is not considered feasible.  4 MOORE'S FED. PRAC.—CIVIL § 21.04 (2022).

Here, a review of T-Shock's citizenship reveals that joinder will destroy diversity jurisdiction.  "An unincorporated association, such as an LLC, is a citizen of the states of which its members are citizens, not the state in which the LLC was formed or where its principal place of business is located." *Hopkins v. Duckett*, No. 02-5589, 2006 WL 3373784, at * 6 (D.N.J. Nov. 21, 2006) (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–97 (1990)).  Additionally, "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).  In this case, T-Shock has three members: Holdings and the Shockley Defendants.  (D.E. 2 ¶ 1.)  Plaintiff Abousalem, a citizen of New Jersey, is a member of Plaintiff Holdings, thus Holdings is a citizen of New Jersey.  (*Id.* ¶ 2.)  The Shockley Defendants are both citizens of Pennsylvania.  (*Id.* ¶¶ 4–5.)  Accordingly, T-Shock is a citizen of both New Jersey and Pennsylvania.  Therefore, joining T-Shock—whether as Plaintiff or Defendant—will destroy diversity jurisdiction.

8

3. Rule 19(b)

"[A] holding that joinder is compulsory under Rule 19(a) is a necessary predicate to [a court's] discretionary determination under Rule 19(b)." *Gen. Refractories Co.*, 500 F.3d at 313. If a court has determined that a party must be joined "under Rule 19(a) but joinder is not feasible because it would destroy the court's diversity jurisdiction, then the court must determine whether the absent party is 'indispensable' under Rule 19(b)." *Huber*, 532 F.3d at 247. "[I]ndispensable parties are "[p]ersons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 421 (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1011 (3d Cir. 1987)).

When analyzing a matter under Rule 19(b), courts must consider multiple factors, including the following "'most important considerations[,]' in determining whether a party is indispensable," *Gen. Refractories Co.*, 500 F.3d at 319 (quoting *Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 640 (3d Cir. 1998)):

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.* (quoting Fed. R. Civ. P. 19(b)). It is important to note that there is not a one-size-fits-all approach to assessing whether a party must be joined as an indispensable party, and a court "must conduct the Rule 19 analysis on a case-by-case basis." *Callas v. Callas*, No. 14-7486, 2021 WL 3400861, at *6–7 (D.N.J. Aug. 4, 2021) (collecting cases). After conducting the appropriate

9

analysis, if the court finds that "the party is indispensable, the action must be dismissed." *Huber*, 532 F.3d at 247.

Here, the first element of the analysis concerns the extent to which a judgment rendered in T-Shock's absence might prejudice T-Shock or any of the current parties. *See Gen. Refractories Co.*, 500 F.3d at 319. A judgment for Plaintiffs in this matter would likely prejudice T-Shock because Plaintiffs would recover financial and other losses that they *and* T-Shock allegedly sustained, but only Plaintiffs would benefit from the recovery. T-Shock, as an entity, would not benefit from that recovery and therefore would be prejudiced.

The second element of the analysis explores in what ways that prejudice may be mitigated. *See Gen. Refractories Co.*, 500 F.3d at 319. The challenge with constructing some measure or measures to lessen or avoid the prejudice that T-Shock might suffer is that the allegations in the Complaint so intricately intertwine both T-Shock's and Plaintiffs' rights that it would be difficult to parse out an efficient and effective way to safeguard T-Shock's rights and provide just recovery only to Plaintiffs.

The third element of the analysis considers whether a judgment rendered in the absence of T-Shock will be adequate. *See Gen. Refractories Co.*, 500 F.3d at 319. The allegations in this matter are of a nature that if Plaintiffs suffered due to Defendants' actions, then so too did T-Shock. Thus, T-Shock must have a stake in the outcome of this action, for if the company is not joined, it will not receive any remedy and judgment will therefore be inadequate.

The fourth and final element of the analysis contemplates whether Plaintiffs will have an adequate remedy if the Complaint is dismissed for non-joinder. *See Gen. Refractories Co.*, 500 F.3d at 319. Plaintiffs have an adequate remedy because they may bring an action in state court.

Consequently, because T-Shock is a necessary party, because joinder is not feasible, and because T-Shock is an indispensable party, this action must be dismissed. *See Disabled in Action of Pa.*, 635 F.3d at 97; *GBForefront, L.P.*, 888 F.3d at 34; *Huber*, 532 F.3d at 247.

B.  Other Grounds for Dismissal

This Court declines to analyze Defendants' other asserted grounds for dismissal. Because the Complaint must be dismissed for failure to join T-Shock as a necessary and indispensable party, the remainder of the grounds for dismissal are moot. Additionally, the alternative pleading to consolidate this matter with the JOMBY action is likewise moot.

IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

                                                            /s/ Susan D. Wigenton
                                          **SUSAN D. WIGENTON, U.S.D.J.**

| Orig: | Clerk |
|---|---|
| cc: | André M. Espinosa, U.S.M.J. |
|  | Parties |